Although I question whether American Interstate (rather than the company) is actually the real party in interest that should have prosecuted the third-party claim asserted against INA and Wausau in this case,[4] I believe that the "last injurious exposure" rule applied by the court in affirming the trial court's judgment as to that claim is consistent with Alabama law.See Ala. Code 1975, §§ 25-5-116 and 25-5-117(b), and 2 Terry A. Moore, Alabama Workers' Compensation § 31:33 (1998) (stating that Article 4 of the Alabama Workers' Compensation Act espouses a bright-line rule that "precludes apportionment of occupational disease benefits among different insurers . . . by placing the entire loss on the insurer who happens to be carrying the risk on the date of last exposure"). Accordingly, I concur in the main opinion.
[4] See Rule 17(a), Ala. R. Civ. P., and Phico Ins. Co. v.Providers Ins. Co., 888 F.2d 663 (10th Cir. 1989).